1   Mathew K. Higbee, Esq., SBN 241380
2   Ryan E. Carreon, Esq., SBN 311668
    **HIGBEE & ASSOCIATES**
3   1504 Brookhollow Dr., Suite 112
    Santa Ana, CA 92705
4   (714) 617-8336
    (714) 597-6729 facsimile
5   mhigbee@higbeeassociates.com
    rcarreon@higbeeassociates.com
6   Attorney for DENNIS FUGNETTI

7                **UNITED STATES DISTRICT COURT**
                 **CENTRAL DISTRICT OF CALIFORNIA**
8

9   DENNIS FUGNETTI,                    Case No.: 8:19-cv-00199-AG-JDE

10                      Plaintiff,      **OPPOSITION TO DEFENDANT'S**
                                        **MOTION TO DISMISS**
11      v.

12
    BIRD B GONE, INC.; and DOES 1-10,   **Concurrently Filed:**
13  inclusive,
                                        **1. Declaration of Ryan E. Carreon**
14                      Defendant.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **I.      INTRODUCTION**

2        Plaintiff Dennis Fugnetti is a professional photographer who created an

3  original photograph of a pigeon landing with its wings expanded ("Flying Pigeon

4  Image").   Complaint   ¶¶8-9.   Defendant   Bird   B   Gone   Inc.   ("Defendant")

5  manufactures and sells various bird and pest deterrent products including a set of

6  stainless steel bird spikes which can be placed on roofs, signage, and other surfaces

7  as a deterrent to prevent birds from landing. Complaint ¶¶11-13.

8        In the mid 90s Defendant engaged Fugnetti to perform graphic design work

9  on a project-by-project basis as an independent contractor. Complaint ¶¶14-15. As

10  part of his work for Defendant, Fugnetti incorporated his Flying Pigeon Image into

11  a series of sales and educational materials explaining Defendant's products that

12  Defendant typically distributed at tradeshows and seminars. Complaint ¶16.

13        In 2002 or 2003, Defendant ended its relationship with Fugnetti and took its

14  graphic design work in house. Complaint ¶17. In May of 2017, Fugnetti received a

15  series of email from Defendant stating that Defendant had continued to use the

16  Flying Pigeon Image and stating that Defendant was seeking information so that it

17  could apply for a copyright registration. Complaint ¶¶20-26. Fugnetti subsequently

18  discovered that his Flying Pigeon Image had been used on numerous of Defendant's

19  products. Complaint ¶¶37-38.

20        Unbeknownst to Fugnetti, on December 3, 2003, Defendant applied for a

21  trademark for the Flying Pigeon Image and began incorporating the Flying Pigeon

22  Image into a wide variety of product packages and labels. Complaint ¶¶48-50. Not

23  only was this subsequent use of the Flying Pigeon Image done without Fugnetti's

24  knowledge or permission, but the subsequent unauthorized use was also outside the

25  scope of the materials created by Fugnetti during his engagement with Defendant.

26  Complaint ¶¶56-58.

27        On October 23, 2018, Fugnetti submitted a copyright application and deposit

28  materials for the Flying Pigeon Image to the United States Copyright Office.

Declaration of Ryan E. Carreon ("Carreon Decl.") ¶3. On January 31, 2019, Fugnetti initiated this lawsuit against Defendant. Carreon Decl. ¶4.

On March 4, 2019, a law clerk at Defendant's counsel's office email Plaintiff's counsel to request that Fugnetti voluntarily dismiss his Complaint[1] due to the recent Supreme Court decision *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC,* 139 S. Ct. 881 (2019). Carreon Decl. ¶7. *Fourth Estate* held that a prospective plaintiff in a copyright infringement action needed to obtain a decision from the Copyright Office either accepting or rejecting the application before commencing suit, and subsequently overruled existing Ninth Circuit precedent holding that a submitted application was sufficient.

On March 28, 2019, counsel for the parties met and conferred by telephone. Plaintiff's counsel explained that Fugnetti had applied for an expedited examination for his pending application and that the registration would be processed and a certificate issued imminently. Carreon Decl. ¶9. Plaintiff's counsel also stated that even if the application were rejected, the Copyright Act allowed Fugnetti to proceed with the lawsuit once a decision on the application had been made. Carreon Decl. ¶10.

In a subsequent email exchange, Defendant's counsel stated that even if a certificate were to be issued imminently, Defendant would still be filing its Motion to Dismiss. Carreon Decl. ¶11.

On April 5, 2019, Defendant filed the instant Motion. On April 9, 2019, Fugnetti received correspondence from the Copyright Office stating that the Flying Pigeon Image registration had been accepted under certificate Vau001349636 and that he would be receiving a physical registration certificate in the mail shortly.

---

[1] In its Motion and the attached Declaration of Robert D. Fish, Defendant characterizes Fugnetti's decision not to dismiss his Complaint in light of *Fourth Estate* as "unreasonable." Curiously, Defendant's Motion selectively omits relevant portions of the correspondence between counsel, including Plaintiff's counsel's explanation as to why dismissal would be moot. The full correspondence is attached as Exhibit B to the Declaration of Ryan E. Carreon.

1   Carreon Decl. ¶13. Thereafter, the digital records available on the Copyright Office
2   website were updated to reflect Fugnetti's perfected copyright registration showing
3   an effective registration date of October 23, 2018 for the Flying Pigeon Image.
4   Carreon Decl. ¶14, Exhibit A.

5          That same day, Plaintiff's counsel informed Defendant's counsel of the
6   issuance of a perfected copyright registration and requested that Defendant
7   withdraw its Motion to Dismiss. Carreon Decl. ¶16.  Defendant's counsel stated
8   that Defendant would not be withdrawing its Motion. Carreon Decl. ¶17.

9          As stated more fully below, Defendant's Motion to Dismiss is moot now that
10  Fugnetti has received a perfected certificate of registration. The registration
11  requirement is not jurisdictional in nature and therefore this Court did not and does
12  not lack subject matter jurisdiction over Fugnetti's Complaint. Finally, Fugnetti's
13  Complaint plausibly alleges a claim for copyright infringement. Therefore,
14  Defendant's Motion to Dismiss must be denied.

## II.   DEFENDANT'S MOTION IS MOOT BECAUSE FUGNETTI HAS RECEIVED A PERFECTED CERTIFICATE OF REGISTRATION

15
16
          Defendant's argument that Fugnetti has not complied with the registration
17  requirement of 17 U.S.C. §411(a) is moot because Fugnetti has obtained a perfected
18  copyright certificate with an effective date of October 23, 2019. Furthermore, as
19  registration is neither a prerequisite to copyright protection or a requirement for
20  subject matter jurisdiction, the Copyright Office's delay in issuing the certificate
21  does not preclude this matter from going foreward.
22

### a.  Prior to *Fourth Estate*, The Ninth Circuit embraced the "application" approach to copyright infringement suits.

23
24         Under the Copyright Act of 1976 ("Copyright Act") copyright protection
25  attaches to "original works of authorship" as soon as they are "fixed in any tangible
26  medium of expression." 17 U.S.C. §102(a). An author gains "exclusive rights" in
27  her work immediately upon the work's creation, including rights of reproduction,
28  distribution, and display. *See* §106; *Eldred v. Ashcroft*, 537 U. S. 186, 195 (2003)

("[F]ederal copyright protection . . . run[s] from the work's creation."). Before pursuing an infringement claim in court, a copyright claimant generally must comply with 17 U.S.C. §411(a)'s requirement that "registration of the copyright claim has been made." 17 U.S.C. §411(a).

As Defendant correctly points out, Fugnetti alleges in his Complaint that the Flying Bird Image is "registered" in accordance with the statutory prerequisite to filing an infringement suit. Complaint ¶10. Prior to filing the Complaint, on October 23, 2018, Fugnetti properly submitted the registration application, deposit copy, and required fee to the United States Copyright Office. At the time Fugnetti filed his Complaint on January 31, 2019, the Ninth Circuit had expressly adopted the "application" approach holding that a copyrighted work was "registered" under §411(a) upon the Copyright Office's receipt of a submitted application. *See Cosmetic Ideas, Inc. v. IAC/InteractiveCorp*, 606 F.3d 612, 621 (9th Cir. 2010)("We therefore hold that receipt by the Copyright Office of a complete application satisfies the registration requirement of § 411(a).") Therefore, at the time the Complaint was filed, Fugnetti had "registered" the Flying Pigeon Image, as the term had been interpreted by binding Ninth Circuit law.

On March 4, 2019, the Supreme Court rejected the "application" approach holding that § 411(a) focused "not on the claimant's act of applying for registration, but on action by the Copyright Office—namely, its registration or refusal to register a copyright claim." *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com*, LLC, 139 S. Ct. 881 (2019).

Subsequently, on April 9, 2019, the Copyright Office informed Fugnetti that the Flying Pigeon Image registration had been accepted under certificate Vau001349636 with an effective registration date of October 23, 2018. Carreon Decl. ¶14, Exhibit A.

///

///

1
2

**b. The Copyright Act's registration requirement is not jurisdictional in nature, and Fugnetti may properly proceed having received a perfected registration certificate.**

3      Contrary to Defendant's assertion, the registration requirement is not
4  jurisdictional in nature, and therefore the Copyright Office's delay in issuing a
5  perfected registration certificate does not deprive this Court of subject matter
6  jurisdiction over Fugnetti's claim. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S.
7  154, 160-61 (2010) (holding that a copyright holder's failure to comply with §
8  411(a)'s registration requirement does not restrict a federal court's subject-matter
9  jurisdiction over infringement claims involving unregistered works.). In *Reed
10 Elsevier*, the Supreme Court held that the Copyright Act's requirement that rights
11 holders register their works before suing for copyright infringement was not a
12 jurisdictional limitation, in part because the registration requirement does not
13 "clearly state[]" that it is jurisdictional and therefore should not be treated as such.
14 *Id.* 163-66; *see also* 17 U.S.C. § 411(a).

15      Although section 411(a) of the Copyright Act provides that registration is
16 necessary before an infringement action may be instituted, the Ninth Circuit and its
17 district courts, have held that revised copyright applications relate back, curing any
18 jurisdictional obstacles caused by deficient registration. *Roth Greeting Cards v.
19 United Card Co*., 429 F.2d 1106, 1109 (9th Cir. 1970) (copyright application relates
20 back to date of filing of original application); *Co–Opportunities, Inc. v. National
21 Broadcasting Co.*, 510 F.Supp. 43, 49 (N.D. Cal. 1981) (application relates back to
22 date of filing complaint); *Meta–Film Assoc., Inc. v. MCA, Inc.*, 586 F.Supp. 1346,
23 1351–52 (C.D. Cal. 1984) (follows *Co–Opportunities*). Indeed, "[w]here plaintiff
24 has obtained a certificate of registration after the complaint was filed but before a
25 hearing on a motion to dismiss or for a preliminary injunction, most courts permit
26 the suit to continue." 5 Patry on Copyright § 17:84 (collecting cases); *see also RDF
27 Media Ltd. v. Fox Broadcasting Co.*, 372 F. Supp. 2d 556, 562 (C.D. Cal. 2005)
28 (motion to dismiss denied as moot where delayed copyright application

subsequently granted); *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394
F.3d 357, 365–367 (5th Cir. 2004) ("we find that the jurisdictional defect was cured
when the Copyright Office received PBT's application, deposit, and fee … after
PBT filed suit"); *Walton v. U.S.*, 80 Fed. Cl. 251 (2008).

The Copyright Office recently issued a perfected registration certificate to
Fugnetti with an effective registration date of October 23, 2018. Carreon Decl. ¶14,
Exhibit A. Because copyright registration is not a jurisdictional issue, this Court
was not deprived of subject matter jurisdiction when Fugnetti filed his Complaint
despite the Copyright Office's delay in issuing the perfected registration certificate.
Rather, now that the Copyright Office has issued a perfected registration certificate,
Fugnetti is in full compliance with § 411(a) and the recent *Fourth Estate* opinion.
Defendant's Motion is therefore moot and should be denied.

## III.   FUGNETTI HAS SUFFICIENTLY STATED A CLAIM FOR COPYRIGHT INFIRNGMENT

Defendant contends that Fugnetti lack standing and has failed to properly
state a claim for copyright infringement. However, not only does Fugnetti have
standing to assert his claim as the owner of the Flying Pigeon Image, he has also
plausibly alleged that Defendant has committed copyright infringement.

### a.  Fugnetti has standing to assert his copyright infringement claim.

It is well settled that unless a plaintiff has standing, a federal district court
lacks subject matter jurisdiction to address the merits of the case. The key question
is whether the plaintiff has "alleged such a personal stake in the outcome of the
controversy" as to warrant federal court jurisdiction. *Baker v. Carr,* 369 U.S. 186,
204 (1962).

The "irreducible constitutional minimum of standing contains three
elements": "[T]he plaintiff must have suffered an injury in fact," "there must be a
causal connection between the injury and the conduct complained of," and "it must
be likely … that the injury will be redressed by a favorable decision." *Lujan v. Defs.*

1    *of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff, as the parties invoking
2    federal jurisdiction, bear the burden of establishing these elements. *Steel Co. v.*
3    *Citizens for a Better Env't,* 523 U.S. 83, 103 (1998).

4         Defendant contends that Fugnetti lacks standing because he "does not own"
5    the copyright to the Flying Pigeon Image and has not properly registered § 411(a)
6    and the recent *Fourth Estate* opinion. In this case however, the allegations in the
7    Complaint clearly establish that Fugnetti has standing to maintain his claim for
8    copyright infringement. Section 501(b) of the Copyright Act establishes who may
9    sue for infringement of a copyright, authorizing:

10        The *legal or beneficial owner* of an exclusive right under a copyright ... to
11        institute an action for any infringement of that particular right committed
          while he or she is the owner of it.

12   17 U.S.C. § 501(b) (emphasis added); *see also Russian Entm't Wholesale, Inc. v.*
13   *Close-Up Intern., Inc*., 482 F. App'x 602, 604 (2d Cir. 2012)("[T]he legal or
14   beneficial owner of an exclusive right under a copyright is entitled ... to institute an
15   action for any infringement of *that particular right* committed while he or she is the
16   owner of it." (emphasis in original)). It is black letter law that copyright protection
17   subsists from the moment the work is "fixed in any tangible medium of
18   expression." 17 U.S.C. §102(a). Registration is not a prerequisite to ownership of a
19   valid copyright. *S.O.S., Inc. v. Payday, Inc*., 886 F.2d 1081, 1085 (9th Cir. 1989).

20        In the Complaint, Fugnetti specifically alleges that he is "the owner and sole
21   rights holder to the Flying Pigeon Image." Complaint ¶9. Fugnetti's *ownership* of
22   the Flying Pigeon Image exists independently of whether Fugnetti has *registered*
23   the Flying Pigeon Image with the Copyright Office. Taking the factual allegations
24   in the Complaint to be true as the Court must, *Thompson v. Davis*, 295 F.3d 890,
25   895 (9th Cir. 2002), Fugnetti has sufficiently alleged that he is the legal owner of
26   the Flying Pigeon Image sufficient to have standing under § 501(b).

27        As to Defendant's "registration" argument, as explained in section II.b,
28   *supra*, Fugnetti has complied with the requirements of § 411(a) and *Fourth Estate*.

1   In any event, ownership in a copyright vests immediately upon creation and exists

2   independently of the work's registration status. As such, whether Fugnetti complied

3   with the registration requirement goes to the issue of whether Fugnetti satisfied the

4   statutory prerequisites for initiating a copyright infringement lawsuit not to the issue

5   of whether Fugnetti has standing to bring the infringement suit in the first place.

6          Furthermore, Fugnetti has properly alleged that he has suffered an injury, that

7   there is a causal connection between the injury and conduct alleged and that the

8   injury will be redressed by a favorable decision. In the Complaint, Fugnetti alleges

9   that he has suffered injury because he is the sole copyright holder to the Flying

10  Pigeon Image, which has been registered as a trademark and incorporated into

11  numerous of Defendant's commercially sold products without his consent.

12  Complaint ¶¶9, 37-38, 48-50, 57-58. Fugnetti also alleges a causal connection

13  between his injury and the conduct complained of because Fugnetti did not

14  authorized Defendant to register the Flying Pigeon Image as a trademark or to

15  incorporate the Flying Pigeon Image into Defendant's commercial products.

16  Complaint ¶¶56-58. Finally, Fugnetti has alleged that injury can be redressed

17  through an award of damages, disgorgement of profits, and entry of an injunction.

18  Complaint ¶¶62-64.

19         Therefore, Fugnetti has standing to assert his claim for copyright

20  infringement.

21         **b.  Fugnetti has properly alleged the elements of copyright infringement in his Complaint.**

22

23         To state a claim for copyright infringement, Fugnetti must plausibly allege

24  two things: (1) that he owns a valid copyright in his photograph, and (2) that

25  Defendant copied protected aspects of the photo's expression. *Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1116-17 (9th Cir. 2018); *see also Feist Publications, Inc. v.*

26  *Rural Telephone Service Co.*, 499 U.S. 340, 361 (1991).

27         In this case, Fugnetti has clearly stated a claim for copyright infringement. As

28

---

**OPPOSITION TO MOTION TO DISMISS**

to the first element, Fugnetti has plausibly alleged that he is the sole rights holder to the Flying Pigeon Image. Complaint ¶9. Further bolstering the plausibility of this claim, Fugnetti attached correspondence from Defendant admitting that Fugnetti took the Flying Pigeon Image and attempting to obtain the rights to the Flying Pigeon Image from him. *See* Complaint ¶¶20-26; Exhibits C-D, F.

As to the second element, Fugnetti has plausibly alleged that Defendant incorporated the Flying Pigeon Image into a number of commercial products without authorization, and that Defendant obtained a registered trademark over the Flying Pigeon Image. *See* Complaint ¶¶36-38, 47-58; Exhibits G, J-K.

Oddly, Defendant argues that Fugnetti fails to provide sufficient notice of his claim because he has not alleged that the infringement was "willful." However, as infringement is a strict liability offense, Fugnetti need not allege Defendant's intent to infringe the copyright in order to properly plead a claim for copyright infringement. *UMG Recordings, Inc. v. Disco Azteca Distributors*, Inc., 446 F. Supp. 2d 1164, 1172 (E.D. Cal. 2006); *see also Educational Testing Service v. Simon*, 95 F.Supp.2d 1081, 1087 (C.D.Cal.1999) (copyright infringement "is a strict liability tort"). Furthermore, a finding of "willfulness" is only relevant to the issue of statutory damages. 17 U.S.C. § 504(C)(2)("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."

As Fugnetti has plausibly stated a claim for copyright infringement Defendant's Motion must be dismissed.

## IV. IN THE ALTERNATIVE, FUGNETTI REQUESTS LEAVE TO REFILE HIS COMPLAINT

If the Court is inclined to grant Defendant's Motion, Fugnetti would request leave to refile his Complaint now that a perfected registration has been obtained.

/ / /

---

1

## V.     CONCLUSION

2          Plaintiff Dennis Fugnetti respectfully requests that the Court deny Defendant

3   Bird B Gone Inc.'s Motion to Dismiss or, in the alternative, grant Fugnetti leave to

4   refile his Complaint.

5   Dated: April 15, 2019                          Respectfully submitted,

6
                                                   **/s/ Ryan E. Carreon**
7                                                  Ryan E. Carreon, Esq.
                                                   Cal. Bar No. 311668
8                                                  **HIGBEE & ASSOCIATES**
                                                   1504 Brookhollow Dr., Ste 112
9                                                  Santa Ana, CA 92705-5418
                                                   (714) 617-8336
10                                                 (714) 597-6559 facsimile
                                                   *Counsel for Plaintiff*
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

I, the undersigned, say:

3

4

I am a citizen of the United States and I am a member of the Bar of this Court. I

5

am over the age of 18 and not a party to the within action My business address is 1504

6

Brookhollow Dr., Ste 112, Santa Ana, California, 92705.

7

8

On April 15, 2019, I caused to be served the foregoing documents:

9

**OPPOSITION TO MOTION TO DISMISS; DECLARATION OF RYAN E.**

10

**CARREON**

11

I hereby certify that I electronically filed the foregoing with the Clerk of the

12

Court for the United States District Court, Eastern District of California using the

13

CM/ECF system which will send notice of such filing to the following registered

14

CM/ECF users:

15

16

**Robert D. Fish**

17

**rfish@fishiplaw.com**

18

I certify under penalty of perjury under the laws of the United States that the

19

foregoing is true and correct.  Executed on April 15, 2019, at Santa Ana, California.

20

21

*/s/ **Ryan E. Carreon***
Ryan E. Carreon, Esq.

22

*Counsel for Plaintiff*

23

24

25

26

27

28