UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00199 AG (JDEx) | Date | May 6, 2019 |
|---|---|---|---|
| Title | DENNIS FUGNETTI V. BIRD B GONE, INC. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:**     **[IN CHAMBERS] ORDER REGARDING MOTION TO DISMISS**

This is a copyright infringement case. Plaintiff Dennis Fugnetti sued Defendant Bird B Gone, Inc. asserting one claim for copyright infringement. (*See generally* Compl., Dkt. No. 1.) Now Defendant attacks Plaintiff's claim under Federal Rule of Civil Procedure 12. (*See* Mot., Dkt. No. 12 at 1.)

Section 411(a) of the Copyright Act provides, with certain exceptions not relevant here, that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." *See* 17 U.S.C. § 411(a). The Supreme Court recently held that "'registration . . . has been made' within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the [United States Copyright Office] has registered a copyright after examining a properly filed application." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, et al.*, 139 S. Ct. 881, 892 (March 4, 2019) (quoting 17 U.S.C. § 411(a)).

Defendant bases its motion on *Fourth Estate*, arguing Plaintiff fails comply with Section 411(a) because the Flying Pigeon Image wasn't registered with the United States Copyright Office when Plaintiff filed his complaint for copyright infringement. (Mot. at 4-6.) Plaintiff admits he didn't receive copyright registration for the Flying Pigeon Image until April 9, 2019—more than two months *after* he filed his complaint for copyright infringement. (Opp'n at 5.)

But Plaintiff insists his claim survives *Fourth Estate* under a relation-back theory. (*Id.* at 4.) Plaintiff argues that, because he eventually received a "perfected copyright certificate" with an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00199 AG (JDEx) | Date | May 6, 2019 |
|---|---|---|---|
| Title | DENNIS FUGNETTI V. BIRD B GONE, INC. | | |

effective date of October 23, 2019, "[Plaintiff] is in full compliance with § 411(a) and the recent *Fourth Estate* [Supreme Court] opinion." (*Id.* at 4-7.) Thus, Plaintiff says Defendant's motion "is moot and should be denied." (*Id.* at 7.)

Plaintiff's argument directly contradicts the Supreme Court's decision in *Fourth Estate*. *Fourth Estate* expressly concludes "Section 411(a) bars a copyright owner from suing for infringement until 'registration . . . has been made.'" *Fourth Estate*, 139 S. Ct. at 888. Thus, *Fourth Estate* clearly envisions copyright registration as a prerequisite to suing for copyright infringement. *See id.* at 892 (noting that "§ 411(a)'s general rule requires owners to await action by the Register before filing suit for infringement"). So Plaintiff's argument that copyright registration need not occur until after a claim for copyright infringement has already been brought makes little sense.

The Court therefore GRANTS Defendant's motion dismissing this action. But the Court doesn't intend this Order to prevent Plaintiff from filing a new lawsuit alleging new facts complying with *Fouth Estate*.

:   0

Initials of Deputy Clerk   mku